16-349-cv
*Urbina v. City of New York et al*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
                    ROSEMARY S. POOLER,
                    BARRINGTON D. PARKER,
                                        *Circuit Judges.*

---

WILFREDO URBINA,

                    *Plaintiff-Appellant,*                                             16-349-cv

DAYSHAUN SCOTT, WESLEY LISBY, EDDY TEJEDA,
and DANIEL TORRES,

                    *Plaintiffs,*

                    v.

CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER JOHN DOES, individually, in their official
capacities, NEW YORK CITY POLICE OFFICER SALLY
ROWES, individually, in her official capacity, NEW
YORK CITY POLICE OFFICER KEVIN LO, SHIELD #
04425, individually, in his official capacity, and NEW
YORK CITY POLICE OFFICER, SHIELD #17650,
individually, in his official capacity,

                    *Defendants-Appellees.*

---

| FOR PLAINTIFF-APPELLANT: | JAMES I. MEYERSON, New York, NY (Jenny Poupa Marashi, Bronx, NY, *on the brief*). |
|---|---|
| FOR DEFENDANTS-APPELLEES: | KATHY CHANG PARK (Richard Dearing, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Wilfredo Urbina appeals from the District Court's January 29, 2016 judgment in his action brought under 42 U.S.C. §§ 1983, 1985, and 1986 and state law. Urbina contends that the District Court erred in granting judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., in favor of defendants-appellees the City of New York (the "City") and several named and unnamed New York City Police Department officers. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* the District Court's grant of relief under Rule 12(c), "accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012). A plaintiff will survive a Rule 12(c) motion if his complaint contains "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks and citation omitted). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Urbina first argues that the District Court erred in granting judgment in favor of the defendants on his Fourth Amendment claim. Urbina asserts that his complaint plausibly alleges that he was in "constructive custody" on the night in question because the officers arrested his designated driver, told him to leave his friend's apartment, told him to get out of the neighborhood, and told him to walk a different direction down a street, at which point he was attacked by a machete-wielding individual. The District Court concluded that because Urbina left the area free of police supervision, and had felt at liberty to stop at a bodega to purchase food with the intention of then proceeding home or back to his friend's apartment, Urbina was not in "constructive custody"

and thus had not pled a violation of his Fourth Amendment rights. We agree with the District Court.

A person has been seized within the meaning of the Fourth Amendment when "by means of physical force or show of authority" a police officer "has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968). A person is not considered seized unless "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (footnote omitted). In his complaint, Urbina specifically alleges that after the officers directed him to leave his friend's apartment he and a friend "intended to go into the store and buy some food and, perhaps, then, in short order proceed onward to go to their homes or, perhaps, even go back to [their friend's] apartment." JA 28. According to his own allegations, Urbina felt free to leave and we conclude that no reasonable person would have determined otherwise.

Urbina also maintains that he plausibly alleges he was in "constructive custody" before he walked to the bodega because the officers commanded him to leave his friend's apartment and to proceed away in a particular direction. He is mistaken. Because Urbina was ultimately free to leave, the officers' direction that he depart his friend's apartment and proceed down a specific street is not a seizure under the Fourth Amendment. *See Salmon v. Blesser*, 802 F.3d 249, 253 (2d Cir. 2015).

Next, Urbina argues that the District Court erred in concluding that he did not plausibly allege a violation of his constitutional right to travel. In granting judgment for the defendants on this claim, the District Court stated that "the only plausible reading of the complaint is that the officers acted reasonably to diffuse a volatile situation by ordering Urbina and the others to leave the area." *Urbina v. City of New York*, 14 Civ. 9870, 2016 WL 79991, at *3 (S.D.N.Y. Jan. 6, 2016). Urbina responds that his complaint plausibly alleges a violation of his right to travel because the officers prohibited him from both staying in his friend's apartment and walking in a direction of his choosing. We again agree with the District Court.

We have recognized that a person's constitutional right to travel includes the right to travel within a state. *King v. New Rochelle Mun. Hous. Auth.*, 442 F.2d 646, 648 (2d Cir. 1971). However, "the right protects *movement between places* and has no bearing on *access* to a particular place." *Williams v. Town of Greenburgh*, 535 F.3d 71, 75 (2d Cir. 2008) (emphasis in original) (citation omitted). It does not provide "a substantive right to cross a *particular* parcel of land, enter a *chosen* dwelling, or gain admittance to a *specific* government building." *Id.* at 76 (emphasis in original). Indeed, "minor restrictions on travel [ ] do not amount to the denial of a fundamental right." *Town of Southold v. Town of E. Hampton*, 477 F.3d 38, 54 (2d Cir. 2007) (internal quotation marks and citation omitted). Accordingly, Urbina's allegations that the officers ordered him to leave his friend's apartment and to travel east instead of west do not plausibly state a violation of Urbina's right to travel.

Urbina also contends that the District Court erred in granting defendants' motion for judgment on the pleadings regarding his Fourteenth Amendment failure-to-protect claim. The District Court held that Urbina failed to plausibly allege either that the officers were in a "special relationship" with Urbina or that the officers assisted in creating the danger Urbina ultimately faced at the hands of a private citizen. For that reason, the District Court held that Urbina had not plausibly alleged a violation of his Fourteenth Amendment rights. The District Court did not err.

As a general rule, the Due Process Clause of the Fourteenth Amendment does not "require[] the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). There are, however, two narrow exceptions. First, "the state or its agents may owe a constitutional obligation to the victim of private violence if the state had a 'special relationship' with the victim." *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008) (citation omitted). And second, "the state may owe such an obligation if its agents 'in some way had assisted in creating or increasing the danger to the victim.'" *Id.* (quoting *Dwares v. City of New York,* 985 F.2d 94, 98–99 (2d Cir. 1993)).

Urbina fails to allege any facts capable of plausibly establishing either exception. Because Urbina fails to allege that the officers had him in custody, there is no basis to conclude that a "special relationship" existed. *See Lombardi v. Whitman*, 485 F.3d 73, 79 n. 3 (2d Cir. 2007) ("Special relationships arise ordinarily if a government actor has assumed an obligation to protect an individual by restricting the individual's freedom in some manner, as by imprisonment."). Urbina also fails to allege that the officers knew or should have known that an individual wielding a machete would attack Urbina or that the officers gave any assistance to Urbina's assailant. The fact that the officers told Urbina to walk in a particular direction does not establish a plausible failure-to-protect claim.

Finally, Urbina challenges the District Court's dismissal of his municipal liability claim brought under section 1983. *See Monell v. Dep't of Soc. Servs. of City of New York* 436 U.S. 658 (1978). Having concluded that Urbina fails to allege any deprivation of federal rights, we hold that the District Court properly dismissed Urbina's *Monell* claim. *See id.* at 690–91.

## CONCLUSION

We have considered all of the arguments raised by the plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4